NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BAYRON AGUSTO ORANTES DELCID, AKA Bayron Augusta Orantes, AKA Bayron Augusto Orantes, AKA Byron Agusto Orantes, <br><br>     Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>     Respondent. | No.   15-72387 <br><br> Agency No. A205-720-347 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Bayron Agusto Orantes Delcid, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider Orantes Delcid's claim for asylum because in his appeal to the BIA, he did not challenge the IJ's determination that his asylum application was untimely. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

We review Orantes Delcid's claim for withholding of removal, notwithstanding the government's contention that the issue was insufficiently briefed. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004). The agency did not err in finding that Orantes Delcid failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a

2                                                                    15-72387

common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (proposed group of young males in Guatemala who are targeted for gang recruitment not cognizable), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Substantial evidence supports the agency's conclusion that Orantes Delcid otherwise failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Orantes Delcid's withholding of removal claim fails.

We also review the agency's determination that Orantes Delcid failed to establish that he is eligible for CAT protection. *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) ("It is well-established that we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency."). Substantial evidence supports the agency's denial of CAT protection because Orantes Delcid failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

15-72387

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**